# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1871V
UNPUBLISHED

| | |
|---|---|
| HOLLY C. FREED,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 13, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Nicole Kathryn Nobbe*, Moore, Heffernan, et al., LLP, Sioux City, IA, for petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On December 11, 2019, Holly Freed filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on December 3, 2018. Petition at 1. Petitioner further alleges that the vaccine was administered within the United States, that she has suffered the residual effects and complications of her vaccine-related injury for more than six months, and that she has never received compensation in the form of an award or settlement for her vaccine-related injuries. Petition at 1, 8-9. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 13, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On July 1, 2021, Respondent filed a proffer indicating that Petitioner should be awarded $117,486.79 (comprised of $115,000.00 for pain and suffering, and $2,486.79 for unreimbursed medical expenses). Respondent's Rule 4(c) Report and Proffer at 4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $117,486.79 (comprised of $115,000.00 for pain and suffering, and $2,486.79 for unreimbursed medical expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

        **s/Brian H. Corcoran**
        Brian H. Corcoran
        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.